doubted, and requested that if the jury should give a verdict pursuant to the opinion he was now about to deliver, and the bar should be at all dissatisfied with it, that they would by motion for a new trial, or by some other means, put the question upon record, in order to a further investigation — his opinion being very unsettled, as the question came suddenly upon him without any previous intimation of it, and before he had time to form it upon deliberation and looking into authorities. Then turning to the jury, he said, with respect to the point under consideration, it seemed to him that where there were several partners in trade, and one of them died, that operated a dissolution of the partnership. As they could no longer trade jointly together, and the interest of the deceased vested in executors, the goods and debts immediately became vested in the survivors; and a right to a share of what remained after all debts due from the company were paid and satisfied belonged to the executors of the deceased. That McAuslin was to be considered as a person having authority to act by virtue of the appointment of the company; and as it was a rule that a power (190) to act could be exercised no longer than the life of him that gave it, the company that gave the appointment being dissolved, and no longer existing, all authorities derived from that company were at an end. Consequently, that the authority of McAuslin had ceased from the time of McNaughton's death, and he had no power to make sale of goods, or to receive and give discharges for debts afterwards, unless by virtue of a new appointment from the survivors. In which case he would act in the name of the survivors, and not as he had formerly done, in the name of the company. If an authority be committed to several persons jointly, and one dies, the authority cannot be executed; and by *Page 140 
like reason, if several persons jointly give an authority, and one dies, the authority must be revoked, and more especially where the death of one causes an alteration of the property concerning which the authority was given — as where by death of one, his share goes to executors or heirs, and the like, who might be unwilling to be bound by the conduct of the agent formerly appointed; and therefore he thought the payment was not a good one.
(192) The jury, however, found for the defendant.
The death of the partner here was notorious. It is a thing in itself capable of notoriety, and if a man will pay to the clerk after the death of the merchant, he acts in his own wrong. It is no more than the common case of debtors paying into the wrong hand, in which case he is always compellable to pay over again to the right one. Whatever authority was derived from the deceased, so far as concerned his interest, was countermanded by his death. The clerk appointed by him cannot receive his share of the debts, so as to make himself chargeable for that share to the executors. Their demand will be against the survivors, and it is unreasonable that the agent cannot affect the estate of the person who appointed him, but at the same time shall affect that of the partners in another part of the world at too great a distance to give any check to his conduct, and, after all, when perhaps he has greatly injured them by mismanagement, that he may be permitted to shelter himself by saying he acted as their servant, and is not liable to make them any satisfaction. The survivors, and they only, become answerable to the executors of the deceased; and if they sell the goods at an undervalue, or otherwise waste the partnership in a losing speculation or otherwise, no loss can accrue from thence to the executors or to the estate of the deceased.
If this decision, however, be allowed to ascertain what the law is, as the decision of a jury seems to have done in a similar case (2 Str., 1182), then the law now is that where there are several partners, some here and some in England, and the partner here appoints an agent to assist him in selling goods and receiving debts, and then dies, the agent may continue, until notice to the contrary be given to the debtors, to receive debts and give legal discharges; and the death of the partner here is not a countermand of his authority.